UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR GARNER, | 1:11-CV-02051 LJO GSA HC |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS |
| v. | |
| YATES, Warden, | [Doc. #10] |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections and Rehabilitation at Pleasant Valley State Prison. He challenges a prison disciplinary hearing adjudicated on January 10, 2008, wherein Petitioner was found guilty of failure to obey verbal orders. (See Resp't's Mot. to Dismiss, Ex. 1 at 3, 29.) Petitioner administratively appealed the decision. On June 5, 2008, the second-level appeal was screened out for failure to comply with appeal procedures; specifically, Petitioner failed to comply with instructions to remove excess pages. (See Resp't's Mot. to Dismiss, Ex. 1 at 3, 24.) On October 10, 2008, the final administrative appeal

was screened out for failure to exhaust lower level appeals.  (See Resp't's Mot. to Dismiss, Ex. 1 at 3, 17.)

Thereafter, Petitioner filed three collateral challenges in the state courts. On February 18, 2009,  Petitioner filed a petition for writ of habeas corpus in the Fresno County Superior Court.  (See Resp't's Mot. to Dismiss, Ex. 1 at 2.)  The petition was denied as untimely.  (See Resp't's Mot. to Dismiss, Ex. 1 at 4.)  Petitioner next filed a habeas petition in the California Court of Appeal, Fifth Appellate District, on May 19, 2009.  (See Resp't's Mot. to Dismiss, Ex. 2 at 2.)  The petition was summarily denied on May 29, 2009.  (See Resp't's Mot. to Dismiss, Ex. 2 at 2.)  On March 25, 2011, Petitioner filed a habeas petition in the California Supreme Court.  (See Resp't's Mot. to Dismiss, Ex. 3 at 3.)  The petition was denied on September 14, 2011, with citation to In re Dexter, 25 Cal.3d 921, 925 (1979).  (See Resp't's Mot. to Dismiss, Ex. 3 at 2.)

On December 14, 2011, Petitioner filed the instant petition for writ of habeas corpus in this Court. On March 1, 2012, Respondent filed a motion to dismiss the petition for failure to present a cognizable federal claim, for violating the statute of limitations, for failure to exhaust state remedies, and for procedural default.  Petitioner did not file an opposition.

**DISCUSSION**

I.  Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition . . . that the petitioner is not entitled to relief."  See also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990).

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same).  Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion.  See Hillery, 533 F. Supp. at 1194 & n. 12.

1  Accordingly, the Court will review Respondent's motion to dismiss pursuant to its authority under
2  Rule 4.
3  II.  Failure to Present Cognizable Federal Claims
4       Petitioner's claims for relief arise out of a disciplinary hearing held at Pleasant Valley State
5  Prison on January 10, 2008.  If a constitutional violation has resulted in the loss of time credits, such
6  violation affects the duration of a sentence, and the violation may be remedied by way of a petition
7  for writ of habeas corpus.  <u>Young v. Kenny</u>, 907 F.2d 874, 876-78 (9th Cir. 1990).  As Respondent
8  correctly notes, Petitioner did not sustain any loss of time credits as a result of the disciplinary
9  hearing.  (<u>See</u> Pet. Ex. D at 28.)  He only sustained a 30 day loss of yard privileges.  (<u>See</u> Pet. Ex. D
10 at 28.)  Since success in this action would have no effect on the length or duration of his
11 confinement, the petition must be dismissed for failure to state a claim.  <u>Preiser v. Rodriguez</u>, 411
12 U.S. 475, 500 (1973).
13 III.  Limitation Period for Filing a Petition for Writ of Habeas Corpus
14      On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of
15 1996 (hereinafter "AEDPA").  The AEDPA imposes various requirements on all petitions for writ of
16 habeas corpus filed after the date of its enactment.  <u>Lindh v. Murphy</u>, 521 U.S. 320, 117 S.Ct. 2059,
17 2063 (1997); <u>Jeffries v. Wood</u>, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct.
18 586 (1997).
19      In this case, the petition was filed on December 14, 2011, and therefore, it is subject to the
20 provisions of the AEDPA.  The AEDPA imposes a one-year period of limitation on petitioners
21 seeking to file a federal petition for writ of  habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended,
22 § 2244, subdivision (d) reads:
23     (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
24
25     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
26
27     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
28

        (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitations period begins running on the date that the petitioner's direct review became final. In a situation such as this where the petitioner is challenging a prison disciplinary action, the Ninth Circuit has held that direct review is concluded and the statute of limitations commences when the final administrative appeal is denied. Redd v. McGrath, 343 F.3d 1077, 1079 (9th Cir.2003) (holding that the Board of Prison Term's denial of an inmate's administrative appeal was the "factual predicate" of the inmate's claim that triggered the commencement of the limitations period). Therefore, the limitations period commenced on October 11, 2008, the day after the final administrative appeal had been denied. Under Section 2244(d)(1)(D), Petitioner had one year, or until October 10, 2009, absent applicable tolling, in which to file his federal petition for writ of habeas corpus. Petitioner did not file his federal petition until December 14, 2011, which was over two years after the limitations period had expired.

A. Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 536 U.S. 214, 215 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846 (2000). Nevertheless, state petitions will only toll the one-year statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction

1  petition was timely or was filed within a reasonable time under state law. Pace v. DiGuglielmo, 544
2  U.S. 408 (2005); Evans v. Chavis, 546 U.S. 189 (2006). Claims denied as untimely or determined by
3  the federal courts to have been untimely in state court will not satisfy the requirements for statutory
4  tolling. Id.
5        Here, Petitioner filed three state habeas petitions challenging the disciplinary proceeding.
6  The first petition was filed in the Fresno County Superior Court on February 19, 2009.  The superior
7  court specifically rejected the petition as untimely filed.  (See Resp't's Mot. to Dismiss, Ex. 1 at 4.)
8  Since the petition was untimely, statutory tolling is unavailable.  Petitioner's second state habeas
9  petition was summarily denied.  (See Resp't's Mot. to Dismiss, Ex. 2 at 2; Ex. 3 at 2.)  When the
10 state court is silent in its denial, the federal court must "look through" to the last reasoned decision.
11 Ylst v. Nunnemaker, 501 U.S. 797, 804-05 & n. 3 (1991).  Since the last reasoned decision was the
12 superior court's denial for untimeliness, this Court must presume that the appellate court denied the
13 petition as untimely as well.  Accordingly, Petitioner is not entitled to any statutory tolling for the
14 second habeas petition.  The third and final state petition was filed in the California Supreme Court
15 on March 25, 2011.  By that point, however, the limitations period had already expired seventeen
16 months earlier.  Because the limitations period had already expired, the third habeas petition did not
17 toll the period.  Green v. White, 223 F.3d 1001, 1003 (9th Cir.2000) (Petitioner is not entitled to
18 tolling where the limitations period has already run); see also Webster v. Moore, 199 F.3d 1256
19 (11th Cir.2000); Rendall v. Carey, 2002 WL 1346354 (N.D.Cal.2002).  Therefore, the instant
20 petition remains untimely.
21       B. Equitable Tolling
22       The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that
23 he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his
24 way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Irwin v. Department of Veteran
25 Affairs, 498 U.S. 89, 96 (1990); Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998),
26 *citing* Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), *cert denied*, 522 U.S.
27 814 (1997). Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544
28 U.S. at 418; Smith v. Duncan, 297 F.3d 809 (9th Cir.2002); Hinton v. Pac. Enters., 5 F.3d 391, 395

(9th Cir.1993). In this case, the Court finds no reason to grant equitable tolling. Therefore, the petition should be denied as untimely.

IV. Exhaustion of State Remedies

A petitioner who is in state custody seeking a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

In this case, the California Supreme Court denied the petition for writ of habeas corpus with citation to In re Dexter, 25 Cal.3d 921, 925 (1979), which signifies a failure to exhaust administrative remedies. (See Resp't's Mot. to Dismiss, Ex. 3 at 2.) Respondent is correct that Petitioner has failed to exhaust state remedies.

V. Procedural Default

A federal court will not review a petitioner's claims if the state court has denied relief of those claims pursuant to a state law that is independent of federal law and adequate to support the judgment. Ylst v. Nunnemaker, 501 U.S. 797, 801 (1991); Coleman v. Thompson, 501 U.S. 722, 729-30 (1989); See also, Fox Film Corp. v. Muller, 296 U.S. 207, 210 (1935). A state court's refusal to hear the merits of a claim because of petitioner's failure to follow a state procedural rule is considered a denial of relief on independent and adequate state grounds. Harris v. Reed, 489 U.S. 255, 260-61 (1989). This doctrine of procedural default is based on the concerns of comity and federalism. Coleman, 501 U.S. at 730-32.

1  　　　There are limitations as to when a federal court should invoke procedural default and refuse
2  to evaluate the merits of a claim because the petitioner violated a state's procedural rules.
3  Procedural default can only block a claim in federal court if the state court "clearly and expressly
4  states that its judgment rests on a state procedural bar." Harris v. Reed, 489 U.S. 255, 263 (1989).
5  For California Supreme Court decisions, this means the Court must specifically have stated that it
6  denied relief on a procedural ground. Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991); Acosta-Huerta
7  v. Estelle, 7 F.3d 139, 142 (9th Cir. 1993); Hunter v. Aispuro, 982 F.2d 344, 347-48 (9th Cir. 1991).
8  If the California Supreme Court denies a petitioner's claims without any comment or citation, the
9  federal court must consider that it is a decision on the merits. Hunter v. Aispuro, 982 F.2d at 347-48.
10 　　　In addition, a federal court may only impose a procedural bar on claims if the procedural rule
11 that the state used to deny relief is "firmly established and regularly followed." O'Dell v.
12 Thompson, 502 U.S. 995, 998 (1991) (statement of Blackmun joined by Stevens and O'Connor
13 respecting the denial of certiorari); Ford v. Georgia, 498 U.S. 411, 423-24 (1991); James v.
14 Kentucky, 466 U.S. 341, 348-51 (1984).  The state procedural rule used must be clear, consistently
15 applied, and well-established at the time of the petitioner's purported default. Fields v. Calderon,
16 125 F.3d 757, 760 (9th Cir. 1997); Calderon v. United States Dist. Court (Bean), 96 F.3d 112, 129
17 (9th Cir. 1996), *cert. denied,* 117 S.Ct. 1569.
18 　　　As noted above, in this case the California Supreme Court rejected the petition for
19 Petitioner's failure to exhaust administrative remedies.  (See Resp't's Mot. to Dismiss, Ex. 3 at 2.)
20 Respondent correctly notes that this procedural rule is firmly established and consistently applied.
21 See Abelleira v. District Court of Appeal, 17 Cal.2d 280, 292 (1941).  The state procedural rule is
22 also independent of federal law. See Carter v. Giurbino, 385 F.3d 1194, 1197-98 (9th Cir.2004).
23 　　　If the court finds an independent and adequate state procedural ground, "federal habeas
24 review is barred unless the prisoner can demonstrate cause for the procedural default and actual
25 prejudice, or demonstrate that the failure to consider the claims will result in a fundamental
26 miscarriage of justice." Noltie v. Peterson, 9 F.3d 802, 804-805 (9th Cir. 1993); Coleman, 501 U.S.
27 at 750, 111 S.Ct. 2456; Park, 202 F.3d at 1150. In this case, Petitioner has not demonstrated cause
28 and prejudice, or that failure to consider his claims would result in a fundamental miscarriage of

1 justice. Accordingly, Petitioner is procedurally barred from bringing his claims.

**RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that Respondent's motion to dismiss be GRANTED and the habeas corpus petition be DISMISSED with prejudice.

This Findings and Recommendation is submitted to the Honorable Lawrence J. O'Neill, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

Within thirty (30) days after being served with a copy of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The Finding and Recommendation will then be submitted to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   April 10, 2012                    /s/ Gary S. Austin
                                          UNITED STATES MAGISTRATE JUDGE